UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., | ) Case No. CV 19-1228 AG(JC) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER DISMISSING PETITION |
| | ) UNDER 28 U.S.C. § 2254 FOR |
| CHRISTIAN PFEIFFER, | ) WRIT OF HABEAS CORPUS |
| | ) AND ACTION WITHOUT |
| | ) PREJUDICE |
| Respondent. | ) |
| | ) |

## I.   SUMMARY

On March 25, 2019, a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Current Petition"), which was signed solely by Christopher Lipsey, Jr., was formally filed purportedly on behalf of two California State inmates – Lipsey and Cornell Elijah Davis. As the Current Petition improperly purported to challenge two separate judgments – a judgment against Lipsey in Los Angeles County Superior Court Case No. BA340280 ("State Case") and a judgment against Davis in Orange County Superior Case No. 14NF2777 – the Court, on June 3, 2019, ordered that the instant action would proceed solely as to Lipsey and that a new action be opened which would proceed solely as to Davis. See Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts ("A

///

petitioner who seeks relief from judgment of more than one state court must file a separate petition covering the judgment or judgments of each court.").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Petition and this action are dismissed without prejudice for lack of jurisdiction because Lipsey – the sole petitioner as to whom the instant action is proceeding – did not obtain the requisite authorization from the Court of Appeals to file a successive petition.

## II.    PROCEDURAL HISTORY

The facts and procedural history set forth are derived from the Current Petition and supporting documents and dockets/court records in the referenced state cases, Central District of California ("CDCA") cases, and cases in the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") of which this Court takes judicial notice.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

### A.    State Proceedings

On May 6, 2009, a jury in the State Case convicted petitioner of a gang-related attempted murder.  Petitioner was sentenced under California's Three Strikes law to 47 years to life in state prison.  On or about June 16, 2009, petitioner filed a notice of appeal in the California Court of Appeal, 2nd Appellate District ("California Court of Appeal").  On December 2, 2010, in Case No. B216787, the California Court of Appeal affirmed the judgment in the State Case.  On January 6, 2011, petitioner filed a petition for review in California Supreme Court Case No. S189546.  On February 16, 2011, the California Supreme Court denied the petition for review.

Petitioner thereafter sought and was denied related habeas and/or other post-judgment relief in the State Case in Los Angeles County Superior Court, in Case Nos. B249708, B256626, B264505, B272099, B278812, and B297991 in the

California Court of Appeal, and in Case Nos. S212874, S212133, S213702, S219510, S227422 and S252633 in the California Supreme Court.

Other habeas/post-judgment relief filings relating to the State Case are currently pending in California Court of Appeal Case Nos. B296470 and B297991.

## B.     Federal Proceedings

### 1.     First CDCA Action and Related Appeals

On August 14, 2012, petitioner formally filed a federal habeas petition ("First CDCA Petition") in CDCA Case No. 2:12-cv-06994 ("First CDCA Action") challenging the judgment in the State Case. On July 31, 2013, the assigned Magistrate Judge issued a Report and Recommendation recommending that the First CDCA Petition and the First CDCA Action be dismissed with prejudice because petitioner's claims were barred by the statute of limitations.

On August 26, 2013, petitioner filed a premature notice of appeal, initiating Ninth Circuit Case No. 13-56651, which the Ninth Circuit dismissed for lack of jurisdiction on December 19, 2013.

On September 20, 2013, the assigned District Judge accepted the findings and recommendations of the Magistrate Judge and dismissed the First CDCA Petition with prejudice. Judgment was entered accordingly on September 23, 2013.

On January 2, 2014, petitioner filed a notice of appeal, initiating Ninth Circuit Case No. 14-55108. On February 10, 2014, the Ninth Circuit denied petitioner's request for a certificate of appealability because his notice of appeal was not timely filed.

On May 21, 2015, the District Court denied petitioner's post-judgment motion for reconsideration in the First CDCA Action and denied a certificate of appealability.

///

On June 25, 2015, petitioner formally filed a petition for writ of mandate in Ninth Circuit Case No. 15-71939, which he later supplemented, seeking to have the Ninth Circuit compel the District Court to reconsider supplemental evidence in assessing whether petitioner was entitled to federal habeas relief. On July 29, 2015, the Ninth Circuit denied petitioner's petition for writ of mandate, as supplemented.

On July 24, 2018, petitioner filed a notice of appeal from the District Court's May 21, 2015 denial of his motion for reconsideration, initiating Ninth Circuit Case No. 18-56135. On August 30, 2018, the Ninth Circuit denied petitioner's request for a certificate of appealability because his notice of appeal was not timely filed.

On August 30, 2018 and November 13, 2018, the District Court denied three more post-judgment motions filed by petitioner in the First CDCA Action and denied certificates of appealability. On December 26, 2018, petitioner filed a notice of appeal, initiating Ninth Circuit Case No. 19-55001, which remains pending.

### 2.     Second CDCA Action

On October 9, 2013, petitioner formally filed a federal habeas petition ("Second CDCA Petition") in CDCA Case No. 2:13-cv-07474. On October 23, 2013, the assigned District Judge summarily dismissed the Second CDCA Petition for lack of jurisdiction because it was second or successive and petitioner had not secured an order from the Ninth Circuit authorizing the District Court to consider it. On October 23, 2013, judgment was entered accordingly. Petitioner did not appeal.

### 3.     Third CDCA Action

On October 31, 2013, petitioner formally filed a federal habeas petition ("Third CDCA Petition") in CDCA Case No. 2:13-cv-08074. On November 14, 2013, the assigned District Judge summarily dismissed the Third CDCA Petition

4

for lack of jurisdiction because it was second or successive and petitioner had not secured an order from the Ninth Circuit authorizing the District Court to consider it. On November 15, 2013, judgment was entered accordingly. Petitioner did not appeal.

### 4. Fourth CDCA Action and Related Appeal

On April 20, 2015, petitioner formally filed a federal habeas petition ("Fourth CDCA Petition") in CDCA Case No. 2:15-cv-02899. On May 21, 2015, the assigned District Judge summarily dismissed the Fourth CDCA Petition for lack of jurisdiction because it was second or successive and petitioner had not secured an order from the Ninth Circuit authorizing the District Court to consider it. On May 27, 2015, judgment was entered accordingly.

On June 8, 2015, petitioner filed a motion for reconsideration. On March 4, 2016, the District Court denied petitioner's motion for reconsideration, but referred the Fourth CDCA Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a),[1] and deemed petitioner's motion a notice of appeal.

On April 25, 2016, in Ninth Circuit Case No. 16-55351, the Ninth Circuit denied petitioner's request for a certificate of appealability from the dismissal of the Fourth CDCA Petition and the denial of the motion for reconsideration.

### 5. Petitioner's Applications to File a Second or Successive Petition

On June 13, 2014, petitioner formally filed an application for leave to file a second or successive petition in Ninth Circuit Case No. 14-71639, which he supplemented on or about July 2, 2014. On July 31, 2014, the Ninth Circuit denied such application as supplemented.

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

On August 13, 2015, petitioner formally filed another application for leave to file a second or successive petition in Ninth Circuit Case No. 15-72507, which the Ninth Circuit denied on December 11, 2015.

On July 28, 2016, the Ninth Circuit – to which the Fourth CDCA Petition had been referred as an application for authorization to file a second or successive petition – denied such application in Ninth Circuit Case No. 16-70647.

On April 2, 2018, petitioner formally filed another application for leave to file a second or successive petition in Ninth Circuit Case No. 18-70937, which the Ninth Circuit denied on December 3, 2018.

On August 28, 2018, petitioner filed another application for leave to file a second or successive petition in Ninth Circuit Case No. 18-72390, which he supplemented on October 9, 2018. On February 22, 2019, the Ninth Circuit denied such application, as supplemented.

On March 18, 2019, petitioner filed another application for leave to file a second or successive petition in Ninth Circuit Case No. 19-70649, which he supplemented on April 15, 2019, and which remains pending.

### 6. Current Petition

As noted above, on March 25, 2019, petitioner formally filed the Current Petition which again challenges the judgment in the State Case. Although Ninth Circuit Case No. 19-70649 – in which petitioner filed his latest application for leave to file a second or successive petition – remains pending, the record does not reflect that petitioner obtained authorization from the Ninth Circuit to file the Current Petition in District Court.

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision

"creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." <u>Felker v. Turpin</u>, 518 U.S. 651, 657 (1996); <u>see</u> <u>also</u> <u>Reyes v. Vaughn</u>, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998)), <u>cert. denied</u>, 538 U.S. 984 (2003).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); <u>but</u> <u>see</u> <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); <u>Henderson v. Lampert</u>, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), <u>cert. denied</u>, 546 U.S. 884 (2005); <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); <u>Reyes v. United States</u>, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First CDCA Petition was dismissed with prejudice as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. <u>See</u> <u>McNabb</u>, 576 F.3d at 1030. Accordingly, the Current Petition –

like the Second, Third, and Fourth CDCA Petitions – is successive.  Since petitioner filed the Current Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.  ORDER**

IT IS THEREFORE ORDERED that the Current Petition and this action are dismissed without prejudice.

IT IS SO ORDERED.

DATED: June 19, 2019

_____

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____

Honorable Jacqueline Chooljian
United States Magistrate Judge